```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CURTIS BRINSON                    :         CIVIL ACTION
                                  :
     v.                           :
                                  :
DONALD VAUGHN, et al.             :         NOS. 00-6115
                                  :              01-3915
```

                        MEMORANDUM AND ORDER

Fullam, Sr. J.                                    October 1, 2008


By Order dated March 6, 2007 I granted as unopposed a petition for a writ of habeas corpus, conditioned upon the Commonwealth affording the petitioner a new trial within 120 days. No trial has yet occurred, and the petitioner, proceeding *pro se*, has filed a petition seeking to have the conditional writ made absolute, barring a retrial and requiring his release from custody. The respondents answered the petition, attributing the delays to requests by the petitioner. A hearing was held on September 18, 2008, and I am prepared to rule.

On May 23, 1986 a jury in the Philadelphia Court of Common Pleas convicted the petitioner of first-degree murder and possession of an instrument of crime. After jury selection, but before the first witness testified, defense counsel raised an objection based on the just-decided case of Batson v. Kentucky, 476 U.S. 79 (1986). The Batson claims were rejected by the state courts, and initially by this Court. On appeal, the Court of Appeals for the Third Circuit found that the petitioner had

established a *prima facie* violation of Batson and directed that the Commonwealth "be given the opportunity to provide legitimate reasons for any strikes against African Americans." Brinson v. Vaughn, 298 F.3d 225, 235 (3d Cir. 2005). The respondents filed a petition for a writ of *certiorari* in the United States Supreme Court, which was denied. This Court was not informed of the status of the petition for some time, but eventually the magistrate judge to whom the case was assigned learned of the denial and issued a report recommending that the petition for a writ of a *habeas corpus* be granted without a hearing. The respondents objected, and by order dated February 2, 2007, I sustained the objections and scheduled an evidentiary hearing for March 8, 2007.

On March 5, 2007, I received by facsimile a letter from counsel for the respondents, which has been docketed of record and in which the counsel wrote that:

> After much deliberation, and given the unique circumstances of this case, the respondents have decided not to contest the Batson claim. That is, respondents no longer oppose the grant of habeas relief on Batson grounds. Accordingly, it will not be necessary to convene the upcoming hearing.
>
> **In order to provide this Office with sufficient time to prepare for retrial, or to enter plea negotiations, respondents respectfully request that the writ be granted conditionally, allowing the Commonwealth 120 days for retrial.** Counsel for petitioner, Norris Gelman, Esq., does not oppose this request.

Letter from Thomas Dolgenos dated March 5, 2007 (Document No. 66

2

in Civil Action No. 00-6115)(emphasis added).  Therefore, on March 6, 2007, I ordered that "[t]he petitioner is to be released from custody UNLESS within 120 days from the date of this Order the Commonwealth of Pennsylvania affords the petitioner a new trial."

On July 5, 2007, the last day of the 120-day period, counsel appeared in the Court of Common Pleas for a status hearing.[1]  Counsel for Mr. Brinson and for the Commonwealth agreed to a continuance to allow the District Attorney's office additional time to review the file and determine whether to offer a plea arrangement or to proceed with a retrial.  The Court of Common Pleas docket notes that the continuance was "time ruled excludable" under Pennsylvania's speedy trial law.  Several additional continuances were agreed to over the next several months, although according to the testimony at the hearing, not all of the status conferences are reflected on the state-court docket.

The District Attorney's office did not make a decision to retry the case until early in January 2008 – approximately 10

---

[1] The petitioner argues that the first hearing in the Court of Common Pleas did not occur until two days after the 120-day deadline. However, under Federal Rule of Civil Procedure 6(a), the date the order was entered (March 6, 2007) is not counted, and because July 4, 2007 was a national holiday, the hearing on July 5, 2007 occurred on the 120th day.  There was also testimony to the effect that there may have been an earlier court appearance that was not noted on the docket.

3

months after the order granting the conditional writ.  Transcript of Sept. 18, 2008 hearing at 29.  At this point, counsel for the petitioner, Norris Gelman, sought leave to withdraw and have new counsel appointed.  As Mr. Gelman testified at the hearing, he had been representing Mr. Brinson *pro bono* (as he had done in the habeas proceedings) and would be unable to afford to hire investigators to prepare for the retrial.  Id. at 14-15.  Mr. Gelman could not be appointed by the trial court because he was not on the approved list.  Id.

The Common Pleas court judge appointed Bernard Siegel to represent the petitioner and he entered his appearance on February 6, 2008.  On June 19, 2008 counsel appeared for a preliminary hearing and the Common Pleas court judge signed an order granting a motion for a continuance until June 8, 2009, and stating that it is the earliest possible trial date consistent with the defense attorney's calendar."  The transcript of the preliminary hearing reveals that although Mr. Siegel agreed that his schedule was the problem, only a handful of dates were discussed, some of which conflicted with the trial judge's vacation.  By June 8, 2009 more than two years will have elapsed since the writ issued.

This Court has continuing jurisdiction over the petitioner's application for release from confinement.  Gibbs v. Frank, 500 F.3d 202, 205 (3d Cir. 2007).  The Order of March 6,

4

2007 set a 120-day time period for retrial; that period was not selected at random but was explicitly requested by the respondents.  The respondents never moved for an extension of time but they have provided what the Court of Appeals in Gibbs termed a "post hoc justification for the trial delay" which, while certainly permissible, "may be strategically unwise from the Commonwealth's perspective because of the broad discretion afforded to a district court in conditioning (and granting) habeas relief."  Id. at 208.  Modification of the conditional writ to allow additional time is warranted when the Commonwealth "provide[s] a legitimate reason for its delay."  Id.

Although the Court of Appeals has held that "[a]ny delay brought about by a continuance request from the defense should not be included in the 120-day time frame," Id. at 210, the record in this case does not support a finding that the defense requested the delay.  The defense certainly acquiesced in the initial continuances but the driving force behind the 10-month delay from March 6, 2007 through early January 2008 was the extraordinary length of time taken by the Commonwealth in determining whether to offer the petitioner the opportunity to plead guilty to a charge of third-degree murder in exchange for a sentence of time served (which has been more than 22 years) or to proceed with a retrial on the charge of first-degree murder.  The Commonwealth has not provided any legitimate reason for this

5

delay.

I also find that the delay from June 19, 2008 through (so far) June 9, 2009 cannot fairly be attributed solely to a request by the defense. Mr. Siegel, who was appointed by a Common Pleas court judge, testified that he was available at some earlier dates, but not the ones suggested by the assigned trial judge. It appears that neither Mr. Siegel, counsel for the Commonwealth, nor the trial judge considered the possibility of rescheduling one of Mr. Siegel's other trials, assigning the case to a trial judge better able to accommodate Mr. Siegel's schedule, or appointing competent but less-busy counsel to represent the petitioner. The circumstances readily distinguish this case from the situation in <u>Gibbs</u>, where the Commonwealth was ready to proceed but did not object to a defense request for a continuance; the delay in that case was also markedly shorter than the one at issue here.

The respondents conceded, 21 years after the original trial in this case, that they could not offer race-neutral reasons for the jury strikes. The respondents requested 120 days for the retrial; this request was granted. The District Attorney's office then failed to decide whether or not to retry the case for approximately 10 months. The respondents have not given a sufficient reason for the delay, and responsibility cannot be laid at the petitioner's door. Because the respondents

6

failed to comply with the terms of the Order granting the petition for a writ of habeas corpus, the petition to make the writ absolute will be granted.

An Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CURTIS BRINSON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| DONALD VAUGHN, *et al.* | : | NOS. 00-6115 |
| | : | 01-3915 |

**ORDER AND JUDGMENT**

On March 6, 2007, this Court rendered a Conditional Writ of Habeas Corpus, conditional upon the Commonwealth affording the petitioner a new trial within 120 days. The respondents failed to fulfill the condition precedent to re-try the Petitioner.

AND NOW, this 1st day of October 2008, IT IS ORDERED:

1. This Court's Judgment granting a writ of conditional habeas corpus dated March 6, 2007, is now declared to be an Absolute Writ of Habeas Corpus; and

2. The May 23, 1986 Judgment of Conviction entered in the Philadelphia Court of Common Pleas, Docket Number CP-51-CR-0613151-1985 against the petitioner Curtis Brinson is declared null and void, and without effect.

3. The respondents are ordered to release the petitioner Curtis Brinson from custody immediately.

This is a final and appealable Judgment, and there is no just cause for delay.

BY THE COURT:

/s/ John P. Fullam
John P. Fullam,      Sr. J.